HERMAN STAPPER v. M. RUSCH.

No. 6525.  Decided April 1, 1936.
(92 S. W., 2d Series, 431.)

*D. H. Zook,* of San Antonio, for plaintiff in error.

Because the house was destroyed by fire before conveyance, through no fault of defendant, the performance of the contract was rendered impossible and defendant was excused therefrom, in view of the fact that plaintiff never made any tender of consideration to be paid as provided for in said contract. Arlington Hotel Co. v. Rector, 124 Ark., 90, 186 S. W., 622; 13 C. J., 643; Buchanan v. Layne, 95 Mo. App., 148, 68 S. W., 952.

*Grover C. Morris, Joe L. Hill and* Joe *Burkett,* all of San Antonio, for defendant in error.

The contract of sale not providing that in case of destruction of property by fire parties would be relieved of their contract and the failure of defendant to incorporate such provision in the contract of sale deprives him of the right to be released from its performance. Davis v. Davis, 266 S. W., 797; Weis v. Devlin, 67 Texas, 510; 13 C. J., 635.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court defendant in error recovered judgment against plaintiff in error for $1500 damages for breach of contract to convey certain residence lots in the City of San Antonio,

upon which was situated a dwelling. The judgment was affirmed by the Court of Civil Appeals. 58 S. W. (2d) 843. The contract was in writing and set out the conditions of the sale and the consideration to be paid. By its terms plaintiff in error bound himself to deliver to defendant in error an abstract of title within 30 days, which abstract was to be investigated within a like period. The Court of Civil Appeals makes this fact finding: "Appellee (defendant in error here) was satisfied with the title and, while the contract was in full force and effect and binding on all parties, asked for the delivery of the title on the terms of the contract. Appellant (plaintiff in error here) breached the contract by refusing to deliver title."

The rule applied for measuring the damages was the difference between the contract price and the market value of the property at the time of the breach. It is the contention of plaintiff in error that he was excused from a performance of the contract on the ground, that after it was entered into and before the acceptance of title, the dwelling was damaged by fire, thereby rendering performance impossible. The Court of Civil Appeals disposes of this defense in this language:

"Under the evidence the house was seriously damaged by fire, for which the insurance company paid appellant, under its policy of insurance, the sum of $1,850. Notwithstanding the fire, appellee, as testified to by appellant's agent in the sale, 'offered to go ahead with the deal at that time,' referring to the morning after the fire. As she was willing to proceed with the execution of the contract according to its terms, the fact that the property had been damaged by fire did not excuse appellant from its performance."

■ There is no assignment of error in this court presenting the question that there is no evidence to support the fact findings of the Court of Civil Appeals. We are, therefore, bound by them and shall dispose of the assignments in the light thereof.

■ The first assignment invokes the general rule that, in the absence of an express contract provision, there is an implied condition that, if the act to be performed is dependent upon the continued existence of a specific thing, the destruction of that thing before time of performance, without the fault of either party, will excuse a breach of the contract. Under the fact findings this general rule has no application. The subject matter of the contract was not destroyed. The dwelling was damaged, but, if the purchaser was nevertheless willing to pro-

ceed with the execution of the contract according to its terms, as found by the Court of Civil Appeals, the vendor could not defend on the ground that he was unable fully to perform. Under such circumstances the purchaser may require the vendor to perform to the extent that he is able. 66 C. J., Sec. 1550, pp. 1464, et seq. 27 R. C. L., Sec. 243, pp. 513, 516.

■ The second assignment presents the question of the sufficiency of the tender as a condition precedent to the maintenance of the suit. There is some evidence to the effect that the tender was conditional only; but the evidence on that issue is not conclusive one way or the other, and we are bound by the finding of the Court of Civil Appeals that it was sufficient.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court April 1, 1936.